FILED

7/8/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Interpleader-Plaintiff,<br><br>vs.<br><br>ESTATE OF JACK R. SMITH, JAMES SMITH, PAMELA MARY STARKE, ESTATE OF CLYDE R. SMITH JR., CLYDE SMITH COMPANY, ESTATE OF GILMER H. SMITH, SMITH BROTHERS RANCH, MARVIN MILLER, EDWARD JONES TRUST COMPANY, and JOHN DOES 1-10,<br><br>Defendants. | No. CV-19-27-BU-SEH<br><br>ORDER |

Plaintiff's Complaint for Interpleader and Declaratory Relief claims that diversity jurisdiction exists among two or more Defendants.[1] Upon review, it

---

[1] Doc. 1 at 3.

-1-

appears jurisdiction is not well pleaded.

Fed. R. Civ. P. 12(h)(3) and case law provide that a party or the court on its own initiative, may raise lack of subject matter jurisdiction issues at any stage in the litigation.[2]

The federal statute governing jurisdiction in interpleader actions states:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . . .[3]

Here, Interpleader-Plaintiff alleges only the residency or address of Defendants and fails to allege their citizenship. It is thus impossible for the Court to determine whether sufficient diversity exists to confer jurisdiction. Interpleader-Plaintiff further states that "this court may assume jurisdiction in accordance with

---

[2] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

[3] 28 U.S.C. § 1335(a).

28 U.S.C.A. § 1397."[4] That section addresses *venue* in an interpleader action, not subject matter jurisdiction.[5]

ORDERED:

1. This case will be dismissed on July 10, 2019, unless Interpleader-Plaintiff files an amended pleading properly alleging jurisdiction on or before that date.

2. Upon the filing of any amended complaint referenced in paragraph 1, and prior to the filing of any other motion, Interpleader-Plaintiff shall file with the Court a motion to deposit funds into the registry of the Court, in compliance with 28 U.S.C. § 1335(a)(2) and L.R. 67.1.

DATED this 8th day of June, 2019.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Court

---

[4] Doc. 1 at 4.

[5] *See* 28 U.S.C. § 1397. *See also* 4 *Moore's Federal Practice*, § 22.04[4][b].