# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Interpleader-Plaintiff,<br><br>vs.<br><br>ESTATE OF JACK R. SMITH, ESTATE OF CLYDE R. SMITH JR., MARVIN MILLER, EDWARD JONES TRUST COMPANY, and JOHN DOES 1-10,<br><br>Defendants. | No. CV-19-27-BU-SEH<br><br>ORDER |

1. On December 14, 2020, upon notice received that this case was settled, the Court ordered "[t]he parties shall file a stipulation for dismissal and proposed order of dismissal within 30 days of the date of this Order."[1]

---

[1] Doc. 107.

2. On January 13, 2021, the parties filed a Stipulation, a copy of which is attached as Exhibit "A."[2]

3. On January 14, 2021, the Court issued its Order, a copy of which is attached as Exhibit "B."[3]

4. On January 22, 2021, the Court issued its Order, a copy of which is attached as Exhibit "C."[4]

5. On January 22, 2021, Plaintiff filed a document denominated "Unopposed Motion to Distribute Funds (Redacted) and Dismiss," a copy of which is attached as Exhibit "D."[5]

6. On January 25, 2021, the Court issued its Order reciting, *inter alia*:

> Local Rule 67.2(b) requires[, *inter alia*, that] a motion seeking Court order for money to be disbursed <u>must include</u>: (1) certain [specific] information required by the language of the rule; and (2) that the party filing the motion "must file a redacted version of its motion in the public record . . . and an unredacted version under seal."[6]

---

[2] Doc. 109.

[3] Doc. 110.

[4] Doc. 112.

[5] Doc. 113.

[6] Doc. 114 at 1-2 (quoting L.R. 67.2(b))(emphasis added).

7. On February 1, 2021, Plaintiff filed a document denominated as "Motion for Leave to File Under Seal,"[7] a copy of which is attached as Exhibit "E," and attached a separate document denominated as "Unopposed Motion (Redacted) to Distribute Funds and Dismiss,"[8] a copy of which is attached as Exhibit "F."

8. On February 1, 2021, Plaintiff filed a document denominated "Filed Under Seal Per D. Mont. L.R. 67.2(b) Unopposed Motion (Unredacted) to Distribute Funds and Dismiss,"[9] a copy of which is attached as Exhibit "G."

9. L.R. 67.2 recites:

### 67.2 Order for Disbursement of Funds.

(a) Whenever a party seeks a court order for money to be disbursed, it must include the following:

(1) the name(s) of the payee;

(2) the address(es) of the payee:

(3) the social security and/or tax ID number of the payee; and

(4) the amount of principal and interest for each payee.

---

[7] Doc. 115.

[8] Doc. 115-1.

[9] Doc. 116.

      **(b)** The party must file a redacted version of its motion in the public record, *see* Fed. R. Civ. P. 5.2(a), and an unredacted version under seal.

10. The request for distribution submitted[10] did not comply with the specific requirement of L.R. 67.2(a)(4), that a request for distribution of money include, for each payee, "the amount of principal and interest for each payee." In addition, Document Number 115-1 did not comply with the provisions of L.R. 7.1(c)(1). Namely, "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion."

The Motion for Leave to File Under Seal[11] was not required to be filed by L.R. 67.2(b). In addition, Document Number 115 did not comply with the provisions of L.R. 7.1(c)(1) and (2), namely, "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion," and [w]hen a motion is unopposed, the word 'unopposed' must appear in the title of the motion."

---

[10] Doc. 115-1 and 116, Exs. "F" and "G".

[11] Doc. 115, Ex. "E."

ORDERED:

The Court, by separate order, will schedule and will conduct a telephone conference with counsel for the parties at which all remaining issues related to disbursement of funds on deposit with the Clerk of Court from the settlement of this case will be resolved.

DATED this 2nd day of February, 2021.

SAM E. HADDON
United States District Court